FILED

2017 SEP 20 PM 3: 16

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: _____

DAVID L. ROBINSON, an individual,
and GAYLE ROBINSON, an individual,
on behalf of themselves and all others
similarly situated,

    Plaintiffs,

v.

MONTEREY FINANCIAL SERVICES, LLC,
a California limited liability company, d/b/a
"Monterey Collections," and "Monterey Loan
Servicing,"

    Defendant.
_____/

2:17-CV-520-FtM-99MRM

**CLASS ACTION**

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiffs, David L. Robinson, an individual, and Gayle Robinson, an individual, on behalf of themselves and all others similarly situated, by and through their undersigned attorney, sue Defendant, Monterey Financial Services, LLC, a California limited liability company, doing business as "Monterey Collections," and "Monterey Loan Servicing," and allege:

**I.  PRELIMINARY STATEMENT**

1.    This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2.     The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

## III.  ALLEGATIONS AS TO PARTIES

3.     At all times material hereto, Plaintiffs, David L. Robinson ("Mr. Robinson") and Gayle Robinson ("Ms. Robinson") (collectively, the "Robinsons"), were *sui juris* and residents of Lee County, Florida.

4.     At all times material hereto, Defendant, Monterey Financial Services, LLC, was a California limited liability company, doing business as "Monterey Collections," and "Monterey Loan Servicing" ("Monterey Collections" or "Debt Collector") in Lee County, Florida.

5.     Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in Lee County, Florida.

6.     Several years prior to the filing of the instant action, the Robinsons purchased a time-share interest through Avalon Resorts ("Avalon Resorts") for the personal and family use of the Robinsons.

## IV.  FACTUAL ALLEGATIONS

7.     For an extended period of time, Defendant acted as a collection agency for various timeshare companies, including but not limited to, Avalon Resorts.

8.  In the course of its representation of the various timeshare companies, Defendant regularly collected or attempted to collect monies from consumers for delinquent assessments ("Assessment Fees").

9.  On or about August 21, 2017, Defendant sent or caused to be sent to the Robinsons written correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies for Assessment Fees purportedly owed by the Robinsons to Avalon Resorts ("Initial Collection Communication").

10. A true and correct copy of the Initial Collection Communication is attached hereto and incorporated by reference as Exhibit "A."

11. Pursuant to the Initial Collection Communication, Monterey Collections represented to the Robinsons that the Robinsons owed the following monies to Avalon Resorts:

|  |  |
|---|---|
| Principal: | 897.75 |
| Interest: | 0.00 |
| Fees: | 332.50 |
| Balance Due: | 1230.25 |

("Purported Assessment Debt Disclosure").

12. Pursuant to the Purported Assessment Debt Disclosure, Monterey Collections claimed that the Robinsons owed the sum of Three Hundred Thirty-Two and 50/100ths Dollars ($332.50) as and for undisclosed "fees" ("Collection Fees").

13. By information and belief, the Collection Fees were not authorized under a contract or applicable law.

14. Pursuant to the Initial Collection Communication, Monterey Collections stated the following:

> Monterey Financial will accept the above stated balance in full satisfaction of the debt if payment is received by 08/26/2017. Please be advised that in the event payment is not received by this 08/26/2017, the above amount due may increase by the accrual of additional interest and fees.

("Payment Deadline").

15. Pursuant to the Initial Collection Communication, Monterey Collections required that all communications to Monterey Collections must be in writing through the following disclosure:

> Please note that if we don't receive notice from you within thirty (30) days of this mailing that you are contesting the validity of this debt, or any portion of it, we will assume that the debt is valid. If you provide notice to us that you do not believe the debt is valid, or any portion of it, within the same period described above, we will mail you verification of the debt or judgment. Also, if you send us a written request within the same period, we will provide you with the name and address of the original creditor, if different than the current creditor. **Any communications concerning disputed debts, including an instrument tendered in full satisfaction of a debt, must be sent to Monterey Financial Services, LLC, 4095 Avenida de la Plata, Oceanside, California 92056.**

[emphasis added by Plaintiffs]
("Written Communication Requirement").

## V. DEFENDANT'S PRACTICES

16. It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "A" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers with respect to the validation of consumer debts under 15 U.S.C. §1692g.

17. It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "A" to consumers wherein Defendant charged or attempted to

charge for collection fees for which the Defendant was not entitled to recover from consumers such as the Robinsons.

## VI.  CLASS ACTION ALLEGATIONS

18. This action is brought on behalf of a class consisting of (i) all natural persons (ii) to whom letters the same form as Exhibit "A" were sent (iii) in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or defendants, was incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one year period prior to the filing of the complaint in this action.

19. Plaintiffs allege on information and belief based on the Defendant's use of letters in the form of Exhibit "A" that the class is so numerous that joinder of all members is impractical. Based on Defendant's use of letters in the form of Exhibit "A," Plaintiffs estimate that the class includes hundreds or thousands of class members.

20. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members.

21. The common factual issue common to each class member is that each was sent a letter in the form of Exhibit "A."

22. The principal legal issues are whether Defendant's letters in the form of Exhibit "A" violate the FDCPA:

(i) by failing to properly inform the consumer with respect to the consumer's rights for debt verification in a manner which was not reasonably

calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C. §1692g,

 (ii) by making false or misleading representations in violation of 15 U.S.C. §1692e, and

 (iii) by using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

23. The Robinsons' claim is typical of those of the class members. All are based on the same facts and legal theories.

24. The Robinsons will fairly and adequately protect the interests of the class. They have retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

25. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

 (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

 (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

27. The Robinsons request certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII. ALLEGATIONS OF LAW

28. At all times material hereto, the Robinsons were "consumer(s)" as said term is defined under 15 U.S.C. §1692a(3).

29. At all times material hereto, Avalon Resorts and the various other timeshare companies represented by Defendant were each a "creditor(s)" as said term is defined under 15 U.S.C. §1692a(4).

30. At all times material hereto, the Assessment Fees purportedly owed to Avalon Resorts and the various timeshare companies represented by Defendant was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

31. At all times material hereto, Defendant was a "debt collector(s)" as said term is defined under 15 U.S.C. §1692a(6).

32. 15 U.S.C. §1692g(a) provides, in pertinent part, the following:

<u>Notice of Debts; Contents</u>

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1) The amount of the debt;

(2) The name of the creditor to whom the debt is owed;

(3) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)  A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)  A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

33.  Through the use of the Payment Deadline and the Written Communication Requirement in the Initial Collection Communication, Defendant has violated the requirements of 15 U.S.C.§1692g(b) by using a communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt or to request the name and address of the original creditor.

34.  Through the use of the Written Communication Requirement in the Initial Collection Communication, Defendant improperly stated or implied that a consumer must dispute a debt in writing when no such requirement exists under 15 U.S.C.§1692g(a)(3).

35.  Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et sequi*, through:

    a.  the use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §§1692e, e(2) and e(10);

    b.  the use of unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and

    c.  the failure to properly inform the consumer as to the consumer's rights for debt verification in a manner which was not reasonably calculated to

confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C. §1692g.

32. As a result of Defendant's conduct, Plaintiffs and the class are entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

33. Plaintiffs and the class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiffs, David L. Robinson, an individual, and Gayle Robinson, an individual, on behalf of themselves and all others similarly situated, request judgment be entered in their favor and in favor of the class against Defendant, Monterey Financial Services, LLC, a California limited liability company, doing business as "Monterey Collections," and "Monterey Loan Servicing":

    A. Declaratory judgment that Defendant's Exhibit "A" violates the FDCPA;

    B. Actual and statutory damages pursuant to 15 U.S.C. §1692k;

    C. An award of costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

    D. Such other and further relief as the Court may deem just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiffs, David L. Robinson, an individual, and Gayle Robinson, an individual, on behalf of themselves and all others similarly situated, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Dated this 18th day of September, 2017

_____
Robert W. Murphy
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
Email: rphyu@aol.com;
rwmurphy@lawfirmmurphy.com
Counsel for Plaintiffs